IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WILLIAM JAMES TUCK, III, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:14CV830–HEH |
| MRS. STANBECK, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Action)

William James Tuck, III, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'"

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.

*Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a

2

claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  SUMMARY OF ALLEGATIONS

Tuck argues that on October 7, 2014, Officer Gainey came into his dorm at the Southside Regional Jail to pass out mail. (Compl. 5, ECF No. 1.)[2] Officer Gainey handed Tuck a large manila envelope that was "clearly opened." (*Id.*) The envelope was marked "Legal Mail," and Tuck saw the name of his divorce lawyer and the law firm on the envelope. (*Id.*) Tuck questioned why his legal mail had been opened outside of his presence. (*Id.*) Tuck asked Officer Gainey who opened his mail, and Officer Gainey told

---

[2] The Court employs the pagination assigned to Tuck's Complaint by the CM/ECF system. The Court corrects the capitalization in quotations from Tuck's submissions.

him that "Mrs. Stanbeck [was] the mail officer" that day. (*Id.*) Tuck also received another piece of legal mail that was unopened. (*Id.*)

Upon Tuck's request, Officer Gainey provided him a grievance form. (*Id.* at 6.) Tuck completed the form, and Officer Gainey signed for it. (*Id.*) Later that day, Tuck asked Officer Gainey if his grievance form had been turned in. (*Id.*) Officer Gainey told him that his supervisor, Lieutenant Temple, told Officer Gainey that he had to turn it in to the next shift. (*Id.*)

A week later, on October 14, 2014, Tuck asked Lieutenant Miles about the status of his grievance. (*Id.*) Lieutenant Miles informed him that he could not find the grievance. (*Id.*) Tuck alleges that on October 16, 2014, he submitted a request to Captain Johnson concerning the lost grievance. (*Id.*) Captain Johnson responded that he would look into the matter. (*Id.*)

Subsequently, after receiving no answer, Tuck re-filed the original grievance. (*Id.*) Corporal Simmons answered his grievance and informed him that his legal mail had not been "'intentionally'" opened. (*Id.* at 7.) Tuck appealed the decision to Captain Johnson on October 26, 2014. (*Id.*) On October 27, 2014, Tuck submitted a request to Captain Johnson asking for the name of the officer who opened his legal mail. (*Id.* at 7–8.) Tuck states that Mrs. Stanbeck had already told Tuck on October 26, 2014, that it was she who opened the mail. (*Id.* at 8.) Tuck admits that his appeal and request "was nothing more than a ruse" to uncover the "'cover-up'" of the violation of his rights. (*Id.*) Tuck alleges that Captain Johnson never answered his grievance and request. (*Id.*)

4

Tuck contends that the mail contained his bank and credit card account information and he had to cancel his cards because he was afraid his identity would be stolen. (*Id.*) Tuck names as Defendants Mrs. Stanbeck, an officer at Southside Regional Jail; Corporal Simmons, an officer at Southside Regional Jail; Lieutenant Protray Temple, Shift Commander at Southside Regional Jail; and Captain Anthony Johnson, Chief of Security at Southside Regional Jail. Tuck seeks $40,000 in monetary damages. (*Id.* at 10.)

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Generously construing Tuck's Complaint, he alleges that Mrs. Stanbeck violated his rights by opening a piece of legal mail outside of his presence, and that Lieutenant Temple, Corporal Simmons, and Captain Johnson violated his rights by mishandling his grievances, not responding to them, and providing unsatisfactory answers to such.

#### A. Legal Mail

"In order to be classified as legal mail, 'the legal sender must be specifically identified and the mail must be marked as confidential.'" *Loiseau v. Norris*, No. 3:10CV870, 2011 WL 4102226, at *3 n.2 (E.D. Va. Sept. 14, 2011) (quoting *Kershaw v. Padula*, No. 6:10-951-MBS-KFM, 2011 WL 1750222, at *5 (D.S.C. Apr. 6, 2011)). "Mail not so marked 'may be opened outside an inmate's presence.'" *Id.*

5

(quoting *Kershaw*, 2011 WL 1750222, at *5). Tuck alleges that Mrs. Stanbeck admitted to opening his legal mail outside of his presence on this one occasion. (Compl. 8.)

Contrary to Tuck's assertion, "a few instances of opening legal mail outside of the presence of the inmate does not indicate a constitutional violation." *Wise v. Samuels*, No. 2:12cv96, 2014 WL 1280975, at *3 (E.D. Va. Mar. 26, 2014) (citing *Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983)); *see Davis v. Goord*, 320 F.3d 346, 351–52 (2d Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430–31 (8th Cir. 1997). Moreover, when there is "no evidence to indicate that prison officials make a 'pattern or practice of opening or interfering with the delivery of legal mail,'" a "plaintiff's claim does not rise to the level of a constitutional violation." *Oliver v. Powell*, 250 F. Supp. 2d 593, 604 (E.D. Va. 2002) (quoting *Bryant v. Winston*, 750 F. Supp. 733, 734 (E.D. Va. 1990)). Tuck's Complaint fails to suggest that Mrs. Stanbeck engaged in a pattern or practice of opening his mail.

Moreover, to the extent Tuck is alleging a denial of access to the courts, he has not identified any actual injury resulting from Mrs. Stanbeck's action. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1383–84 (4th Cir. 1993). Tuck has not identified with specificity a non-frivolous legal claim Mrs. Stanbeck's actions prevented him from litigating. *See Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002). Tuck alleges that the opened mail contained his financial information and that several of his accounts had to be closed. (Compl. at 8.) However, this does not equate to a non-frivolous legal claim that Mrs. Stanbeck's actions prevented

6

him from litigating. *See id.* Accordingly, Tuck has failed to state a claim of constitutional dimensions against Mrs. Stanbeck.

### B. Grievance Procedures

Tuck further alleges that Lieutenant Temple, Corporal Simmons, and Captain Johnson violated his rights by mishandling his grievances, not responding to them, and providing unsatisfactory answers to such. However, Tuck has no constitutional right to participate in grievance procedures. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citation omitted). Because Tuck enjoys no constitutional right to participate in grievance proceedings, his allegations that his grievances were improperly processed are legally frivolous. *See Banks v. Nagle*, Nos. 3:07CV419–HEH, 3:09CV14, 2009 WL 1209031, at *3 (E.D. Va. May 1, 2009) (citation omitted). Additionally, simply "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) (explaining that "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"). Accordingly, Tuck's claims that Lieutenant Temple, Corporal Simmons, and Captain Johnson violated his rights by failing to properly process or answer his grievances will be dismissed.

### C. Tuck's Motion to Amend

Tuck has filed a Motion to Amend his Complaint, alleging that he was "misinformed as to the true and correct name of the officer responsible for opening [his] legal mail." (Mot. Amend 1, ECF No. 12.) Tuck seeks to amend his Complaint to reflect

7

that Mrs. "Stanbeck" is actually spelled "Stainbeck." (*Id.*) As discussed *supra* Part III.A, Tuck has failed to state a claim against Mrs. Stanbeck regardless of the spelling of her last name. Nevertheless, the Court will grant the Motion to Amend (ECF No. 12) to the extent that the Court will direct the Clerk to note the correct spelling of her name on the docket.

### IV. CONCLUSION

Because Tuck fails to state a claim of constitutional dimension, the action will be dismissed. Tuck's Motion to Amend (ECF No. 12) will be granted. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct 7 2015
Richmond, Virginia

8